*In re* MARRIAGE OF MARIE A. TURZITTI, Petitioner-Appellant, and ANTHONY TURZITTI, Respondent-Appellee.

First District (5th Division) No. 86—2986

Opinion filed September 25, 1987.

Peter V. Solber, of Peter V. Solber, Ltd., of Chicago, for appellant.

Robert F. Lisco, of Lisco & Field, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from a judgment dissolving the marriage of

Marie A. and Anthony Turzitti. Marie contends that the court improperly declared a mistrial in an earlier proceeding when she sought a favorable ruling on the admissibility of the results of polygraph examinations which the parties had agreed to take; that the division of marital property was inequitable; and that there was an inadequate basis for the award of attorney fees.

Marie filed her petition for dissolution of marriage on January 19, 1981. Anthony filed his answer and a counterpetition for dissolution on March 4, 1981. Marie filed her response on April 7, 1981, and an amended petition for dissolution on February 24, 1982. Anthony filed an amended counterpetition on April 3, 1985.

Prior to the first trial, the parties agreed that a justiciable issue existed as to which of them had appropriated and converted to his or her own use, certain sums of money. Each of the parties agreed to submit to a polygraph examination and to allow the test results to be introduced as evidence, by stipulation, at trial in determining the distribution of the marital property. An agreed order was entered by Judge Monica Reynolds reflecting the proposed stipulation.

After trial commenced before Judge Reynolds, Anthony's attorney moved for a change of venue on the grounds that during a conference in chambers, Marie's attorney had informed the court that he intended to introduce into evidence the results of the polygraph tests. Anthony objected and expressed his fear that even if the proffered evidence were excluded, he would be prejudiced because the court would assume that the results were unfavorable to him. Over Marie's objection, Judge Reynolds granted Anthony's motion. The cause was transferred to the presiding judge and reassigned to Judge Edward Marsalek.

After the second trial commenced before Judge Marsalek, Marie filed a "motion *in limine*" requesting the court to rule favorably on the admissibility of the results of the polygraph tests. Anthony objected and Judge Marsalek denied Marie's motion, ruling that the results of polygraph examinations are inadmissible under Illinois law. Anthony then moved for a mistrial, arguing that the mere offer of the test results was prejudicial. In granting this motion, Judge Marsalek expressly stated that he had been prejudiced by the inference raised by Marie's motion *in limine* that the tests results were unfavorable to Anthony. The cause was transferred to the presiding judge and reassigned to Judge Barbara J. Disko. By agreement of the parties, all orders entered in the cause and all pleadings filed relative to the issue of the polygraph examinations were impounded and removed from the court file by the clerk of the circuit court be-

fore the case was reassigned.

The third trial commenced before Judge Disko on September 9, 1985, and concluded on March 10, 1986. In her written judgment for dissolution entered on March 21, 1986, Judge Disko made the following findings: Marie was gainfully employed and was earning $340 net per week; Anthony was unemployed; Marie's principal nonmarital asset was her jewelry; Anthony's only nonmarital asset was $22,000 which he had realized from the sale of his business property several years earlier and which he had used to pay various expenses and outstanding bills; the parties' marital property included the marital residence, which had a net value of $90,000; the furniture and furnishings; $50,000 in currency, which was last in Marie's possession; $15,000 in Marie's profit-sharing plan; two life insurance policies with a total face value of $5,000; one 1979 Lincoln Continental and one 1976 Oldsmobile.

Judge Disko awarded to Marie her nonmarital property, her profit-sharing account and the Lincoln Continental; Anthony received his nonmarital property, the insurance policies and the Oldsmobile. The court ordered the marital residence be sold and the net proceeds be divided equally between the parties. The household furnishings also were to be divided equally. Marie was ordered to pay $27,000 to Anthony as his share of the marital assets. The parties were barred from maintenance. Marie's subsequent motions for reconsideration were denied.

On March 27, 1986, Marie's attorneys, Epton, Mullin & Druth, Ltd., filed their petition for fees and costs. After a hearing on that petition, Judge Disko, on September 29, 1986, found that the reasonable value of the professional services Marie had received was $7,500, which she was ordered to pay. This appeal follows.

I

Marie initially contends that Judge Marsalek improperly declared a mistrial when she sought a favorable ruling from the court on the admissibility of the results of the polygraph examinations which the parties had agreed to take. We disagree.

■■ ■ The matter of declaring a mistrial rests in the sound discretion of the trial judge and unless there is a clear abuse of that discretion his judgment will not be disturbed on appeal. (*Crump v. Universal Safety Equipment Co.* (1979), 79 Ill. App. 3d 202, 210, 398 N.E.2d 188.) We are unable to conclude that Judge Marsalek abused his discretion in declaring a mistrial where he stated that he had been prejudiced by Marie's offer of polygraph evidence, which is

not admissible in Illinois, even by stipulation. (*Kaske v. City of Rockford* (1983), 96 Ill. 2d 298, 450 N.E.2d 314; *People v. Baynes* (1981), 88 Ill. 2d 225, 430 N.E.2d 1070.) Had Judge Marsalek not granted Anthony's motion for a mistrial, a new trial may have been required. See *People v. Yarbrough* (1982), 93 Ill. 2d 421, 444 N.E.2d 493.

## II

Marie next contends that the court's division of marital property was inequitable. Specifically, she complains of the order requiring her to pay $27,000 to Anthony and awarding to him an equal share in the net proceeds from the sale of the marital residence.[1]

■ The trial court's division of marital property will not be disturbed in the absence of an abuse of discretion. An abuse of discretion may be found only where no reasonable person would take the view adopted by the trial court. (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126.) In our judgment, the record fully supports Judge Disko's division of marital property.

The principal dispute between the parties was whether Marie or Anthony was last in possession of approximately $50,000 in currency. Marie admitted that without Anthony's knowledge or consent she had removed $15,000 in cash from their safety-deposit box, had withdrawn almost $8,000 from two joint bank accounts and had cashed two joint certificates of deposit, receiving more than $21,000. She concealed this money, more than $44,000 in currency, in a lingerie bag in her bedroom. Although Marie testified that she ultimately threw the bag at Anthony, who had been badgering her to return the money, Anthony denied that Marie had returned the money.

■ Judge Disko found that Marie last had the currency in her possession. Based upon our review of the record, we are unable to conclude that this finding was against the manifest weight of the evidence. Although Marie criticizes the court for stating that the amount of currency was $50,000, not $44,000, the difference may be explained by Anthony's testimony regarding the amount of cash he had placed in the safety deposit box. Moreover, we find no evidence that Anthony dissipated the proceeds he had realized from the sale of certain business property he had owned.

In ordering Marie to pay $27,000 to Anthony, Judge Disko spe-

---

[1]In reviewing Judge Disko's judgment, we are restricted to the evidence presented at the third trial and may not consider evidence offered at the first two trials.

cifically took into account the $50,000 that Marie had in her possession "and all other assets of this marriage." In our judgment, that division was not inequitable.[2]

Marie also objects to the order awarding to Anthony an equal share in the net proceeds from the sale of the marital residence. Marie suggests that this apportionment was improper because it failed to take into account Anthony's alleged dissipation of his hot dog stand business. We note, however, that Marie presented no evidence to Judge Disko that Anthony had dissipated his business.

The record reflects that Anthony suffered a stroke in August 1983 and had to close his hot dog stand because there was no one who could have handled the business for him. Although Marie argues that she could have handled the business, there was no testimony that she had the time, the ability or the desire to do so. We note in this regard that at the time of Anthony's stroke Marie held a full-time job as a grocery store cashier.

Upon our review of the record, we are unable to conclude that Judge Disko abused her discretion in dividing the marital property. See *In re Marriage of Reed* (1981), 100 Ill. App. 3d 873, 427 N.E.2d 282.

### III

Finally, Marie contends that there was an inadequate basis for the award of attorney fees. We are foreclosed from reaching the merits of this issue, however, because Marie has failed to include in the record on appeal the transcript of the hearing on the petition for attorney fees which was held on September 26, 1986. See *Berner v. Kielnik* (1983), 117 Ill. App. 3d 419, 424, 453 N.E.2d 729.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

LORENZ and MURRAY, JJ., concur.

---

[2]The court apparently chose not to believe Marie's testimony that Anthony removed $30,000 from the safety-deposit box and replaced only $15,000.